## Heine License

C. *Edward DePuy*, for Commonwealth.
*James T. Kitson*, for defendant.

DAVIS, P. J., March 31, 1960.—This matter comes before the court on appeal from an order of the Secretary of Revenue suspending defendant's privilege to operate a motor vehicle in the Commonwealth of Pennsylvania for one year.

From the evidence produced we make the following findings of fact: . . .

5. On March 10, 1959, defendant was operating a tractor-trailer vehicle in a westerly direction upon a public highway in the State of Pennsylvania. Said highway was a four-lane concrete divided highway with two lanes for traffic going west and two lanes for traffic going east.

6. Defendant's vehicle consisted of a tractor eight feet in length and a trailer 34 feet in length. Defendant's trailer was loaded with 15 tons of paper board. It was a stake body trailer.

7. On that date another tractor-trailer, in the left hand lane going west, pulled up along side defendant's vehicle which was traveling in its own right hand lane going west. At that time, defendant was going upgrade in fourth gear. At that time, defendant was approximately 800 feet east of the crest of the grade, traveling about 35 miles an hour and losing speed because of the grade. As defendant proceeded up this grade, defendant's vehicle lost speed. The tractor-trailer on defendant's left was overtaking defendant's vehicle slowly and passed defendant's vehicle about 500 feet west of the crest of the grade. About one minute and a half elapsed from the time the passing vehicle came abreast of defendant's vehicle until it finally passed defendant's vehicle. Defendant did not increase his speed from the time the other vehicle attempted to pass defendant until the other vehicle made the overtake . . .

11. After a hearing before a representative of the Department of Revenue in the Court House at Strouds-burg, Monroe County, on May 13, 1959, defendant's privilege of operating a motor vehicle in the Commonwealth of Pennsylvania was suspended by the Secretary of Revenue for a period of one year for "Racing on highway, Section 1001-C", which suspension was superseded by the order of the Court of Common Pleas of Monroe County by its order dated August 3, 1959, allowing the appeal, until further order of the court.

### Discussion

The traffic situation existing on the Pennsylvania Turnpike in Montgomery County on March 10, 1959, as disclosed by the record in this case, would not only raise the ire of a traffic policeman but also all other lawful users of the highway whose progress would be impeded by it. The spectacle of two big tractor-trailers heavily loaded moving side by side slowly up

a long grade certainly is anathema to all motorists driving lighter and faster vehicles. We would not be reluctant to sustain suspension of the operating privilege of any driver who unlawfully creates this situation.

However, under the facts in this case, we are unable to find that this petitioner was using the highway unlawfully. As we view it, the operator of a loaded tractor-trailer proceeding up a grade on his own right hand side of the road at 30 to 35 miles per hour is under no duty to slacken his speed in order to allow another slow moving tractor-trailer to pass him. The operator of the tractor-trailer in the rear should not attempt to make the pass unless it can be done with reasonable dispatch. The operator on the right must not increase his speed when the pass is attempted. If he does this it is a violation of the law and he well might suffer the penalty of suspension of his operating privilege.

From the record in this case we cannot find that defendant increased his speed when the pass was attempted or that he attempted to race or did race with the operator attempting to make the pass. Therefore, the appeal must be sustained. . . .

*Decree*

And now, March 31, 1960, the appeal of defendant, Walter Heine, is sustained and the action of the Department of Revenue suspending defendant's privilege to operate a motor vehicle in the Commonwealth of Pennsylvania for a period of one year is reversed and the Secretary of Revenue is directed to restore said privilege to the said defendant.